IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 16-10020-TMD |
| FPMC AUSTIN REALTY | § | |
| PARTNERS, LP, | § | CHAPTER 11 PROCEEDING |
| | § | |
| DEBTOR | § | |

**DEBTOR'S MOTION FOR ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) ESTABLISHING PROCEDURES FOR RESOLVING DEMANDS BY UTILITY COMPANIES FOR ADEQUATE ASSURANCE OF PAYMENT, AND (III) SCHEDULING A HEARING TO CONSIDER ADEQUATE ASSURANCE OF PAYMENT REQUESTS**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES the debtor and debtor in possession in the above-captioned case (the "Debtor"), respectfully submit this motion (the "Motion") for an order prohibiting utility companies from altering or discontinuing service on account of prepetition invoices, (ii) establishing procedures for resolving demands by utility companies for adequate assurance of payment, and (iii) scheduling a hearing to consider adequate assurance of payment requests. In support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

MOTION FOR ADEQUATE PROTECTION - UTILITIES

1

## BACKGROUND

2. On January 4, 2016 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

3. The Debtor continues to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no creditor's committee has been appointed in this Chapter 11 Case by the Office of the United States Trustee for the Western District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

4. The Debtor's primary asset is a medical campus property commonly known as the Forrest Park Medical Center Hospital and Medical Office Building located 8.5 acres on the south side of SH 45 North between MoPac and I-35 in Round Rock, Texas (the "Property"). Forrest Park Medical Center consists of a short-term acute care hospital ("Hospital") and medical office building ("MOB") together with a 445 stall adjacent parking garage. The Hospital is a 4-story, 146,000 square foot facility containing 10 operating rooms, 6 ICU rooms, and 40 patient rooms, many including family suites. The MOB contains 80,000 square feet of rentable area. The Hospital is leased to a single tenant that does has yet to commence operations. The Hospital and MOB share use of the parking garage.

5. While one of the 3 buildings located on the Property was designed and built for the specific use as an acute care hospital, the Debtor does not operate the health care business conducted on site. Construction of the Hospital, MOB and garage are complete with only minor additional completion and punch list items remaining. Certificates of occupancy have issued for the Hospital and MOB. However, as of the Petition Date, the Hospital is leased, but the MOB remains vacant.

MOTION FOR ADEQUATE PROTECTION - UTILITIES

**RELIEF REQUESTED**

6. By this Motion, the Debtor seeks entry of an order (a) prohibiting the Utility Companies from altering or discontinuing service on account of unpaid prepetition invoices; (b) approving the Adequate Assurance Deposit to provide the Utility Companies, which are not holding deposits or bonds, with "adequate assurance of payment" under Bankruptcy Code section 366 and deeming all utilities entitled to such assurance of payment under Bankruptcy Code section 366 (the "Utility Companies") to have received adequate assurance of payment pursuant to Bankruptcy Code section 366; (c) approving the Additional Adequate Assurance Procedures (as defined below) set forth below as the method for resolving disputes regarding adequate assurance of payment; and (d) scheduling a hearing to consider any additional adequate assurance of payment requests.

7. The Debtor currently uses electric, water, cable and other similar services (the "Utility Services") provided by Utility Companies. These services are necessary to maintain and secure the Hospital, the Medical Office Building and garage ("MOB Facility") as well as for the maintenance and security of the physical plant and grounds. A list of each Utility Company is attached hereto as Exhibit "A" (the "Utility Service List"). For each Utility Company, Exhibit A includes the mailing address known to the Debtor. The Debtor intends to serve each of the Utility Companies at both their post office box and/or at their physical address, where available.

8. Uninterrupted Utility Services are critical to the ability of the Debtor to maintain the Property and to maximize the value of its assets for the benefit of the creditors. If any Utility Company were to refuse or discontinue service, the Property could sustain significant damage or loss. Substantial damage to the Property would likely result if the HVAC is not operational due to the lack of power and water to the Property. In addition, if utilities were discontinued, the

MOTION FOR ADEQUATE PROTECTION - UTILITIES

operating and security systems at the Property would not function further exposing the property to damage from the elements and loss due to theft and vandalism. In anticipation of commencement of operations in the Hospital, the tenant has placed equipment on the Property, including diagnostic equipment of which must be meticulous secured and maintained. Cessation of Utility Services would jeopardize the buildings and their contents, which could irreparably harm and jeopardize the reorganization efforts of the Debtor.

9. Some of the Utility Companies will be paid in the ordinary course of the Debtor's business and should not be entitled to Adequate Assurance Deposits. Others will receive Adequate Assurance Deposits. As of the Petition Date, several Utility Companies held deposits or bonds posted by the Debtor. The Debtor intends to remain current on its post-petition obligations to the Utility Companies by paying them from its cash and from an anticipated DIP Loan which the Debtor intends to seek approval from this Court.

### A. **The Proposed Adequate Assurance**

10. The Debtor submits that the following procedures and guidelines constitute adequate assurance of payment in accordance with Bankruptcy Code Section 366.

> A. upon entry of an order granting this Motion, the Debtor shall post a cash deposit (the "Adequate Assurance Deposit") equal to the average monthly usage based on the six calendar months prior to the Petition Date;
> B. to the extent a deposit is already being held by the Utility Companies, such deposit shall be credited to the Adequate Assurance Deposit required to be paid by the Debtor;
> C. the Debtor shall pay for all post-petition utility services, pursuant to the undisputed terms of the billing statements generated by the Utility Companies in the ordinary course of business;
> D. if the Debtor fails to pay for any post-petition utility service, pursuant to an undisputed billing statement, then the Debtor shall have a ten day period to cure such nonpayment. The ten-day time period shall begin to run upon the due date as reflected in the billing statement;
> E. the Utility Companies shall continue to provide services to the Debtor until the Debtor fails to perform in accordance with these procedures; and

F.  if the Utility Companies maintain more than one account for the Debtor, then the failure to pay for post petition utility services with respect to one account shall not be deemed a failure ·to pay with respect to any other account if such other account is timely paid.

11. The Debtor further proposes that to the extent the Debtor becomes delinquent with respect to a Utility Company's account, such Utility Company will file a notice of such delinquency (the "Delinquency Notice") with the Court and serve such Delinquency Notice on (a) the Debtor, (b) counsel to the Debtor, (c) counsel to the official committee of unsecured creditors, if one is appointed, (d) counsel for Frost Bank and (e) the United States Trustee (each, a "Party-in-Interest"). The Debtor proposes that if such delinquency is not cured and no Party-in-Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtor will supplement to the Adequate Assurance Deposit with the amount of post-petition charges resulting from the delinquency.

12. The Debtor believes that the Adequate Assurance Deposit, coupled with the Debtor's ability to pay for future Utility Services in the ordinary course of its business provides sufficient adequate assurance protection to the Utility Companies.

B.  **The Additional Adequate Assurance Procedures**

13. Notwithstanding the foregoing proposed adequate assurance procedures, the Debtor anticipates that certain Utility Companies may not find the Adequate Assurance Deposit, coupled with the Debtor's ability to pay for future Utility Services in the ordinary course of its business, "satisfactory" and, thus, may request additional adequate assurance of payment pursuant to Bankruptcy Code section 366(c)(2). Accordingly, the Debtor proposes that such requests be addressed pursuant to the following procedures (the "Additional Adequate Assurance Procedures"):

MOTION FOR ADEQUATE PROTECTION - UTILITIES

A. Except as provided by these Additional Adequate Assurance Procedures, the Utility Companies are forbidden to discontinue, alter, or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Adequate Assurance Deposit.

B. The Debtor will serve this Motion and a copy of the Order on the Utility Companies within two (2) business days after entry of the Order granting the relief requested herein.

C. In the event that a Utility Company maintains that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Bankruptcy Code section 366(c)(2), the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance in addition to or in lieu of its rights in the Adequate Assurance Deposit so that it is received by the Debtor and its counsel no later than seven (7) business days prior to the Determination Hearing (as defined below) (the "Additional Adequate Assurance Request Deadline"). The Additional Adequate Assurance Request must be served on and e-mailed to the Debtor and its counsel at the following addresses:

> FPMC San Antonio Realty, LP
> Attn: George Guszcza
> 3030 Olive Street, Suite 220
> Dallas, Texas 75219
>
>
> Law Offices of Ray Battaglia, PLLC
> Attn: Ray Battaglia
> 66 Granburg Circle
> San Antonio, Texas 78218.

D. Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, (iii) set forth the account number(s) for which Utility Services are provided, (iv) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposit(s), (v) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, and (vi) provide a facsimile number and an electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

14. Upon the Debtor's receipt of an Additional Adequate Assurance Request, the Debtor will either (i) advise the Utility Company in writing on or before a day that is no less than three (3) business days prior to the Determination Hearing that the Additional Adequate Assurance

**MOTION FOR ADEQUATE PROTECTION - UTILITIES**

6

Request is acceptable or (ii) contest the Utility Company's request pursuant to Bankruptcy Code section 366(c)(3) at a hearing (the "Determination Hearing") to be held on or before the day that is thirty (30) days after the Petition Date, or such other date as the Debtor and the Utility Company may agree.

15. The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Bankruptcy Code section 366(c)(3)(A).

16. Pending resolution of any such Additional Adequate Assurance Request the Utility Company shall be prohibited from (i) altering, refusing, or discontinuing services to, or discriminating against, the Debtor on account of unpaid prepetition invoices or any objections to the Debtor's Adequate Assurance Deposit, or due to the commencement of these cases or (ii) requiring the Debtor to pay a deposit or other security in connection with the provision of post-petition Utility Services, other than the establishment of the Adequate Assurance Deposit.

17. Without further order of the Court, the Debtor may enter into alternative agreements with a Utility.

18. Any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Bankruptcy Code section 366(c)(2).

19. The Debtor seeks authority, in its sole discretion, to amend Exhibit A attached hereto to add or delete any Utility Company. To the extent that the Debtor subsequently identifies additional providers of Utility Services, the Debtor proposes to have the terms of the order apply

MOTION FOR ADEQUATE PROTECTION - UTILITIES

to any subsequently identified Utility Company. The Debtor will serve a copy of this Motion and the order approving this Motion on such subsequently identified Utility Company, along with an amended Exhibit A listing such Utility Company. Such Utility Company would then have thirty (30) days from service of this Motion and the order to make an Additional Adequate Assurance Request.

20. In the event that any Utility Company, including a subsequently added Utility Company, files and/or serves an Additional Adequate Assurance Request after the Additional Adequate Assurance Request Deadline, or, if applicable, the subsequent deadline proposed in above, such request shall be treated as a request under Bankruptcy Code section 366(c)(3) and shall be granted, if at all, only after a hearing scheduled, on notice, by the requesting Utility Company in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Court Rules for the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

**21.** The Debtor maintains that the relief requested herein strikes a fair balance between the rights of the Utility Companies and the rights of the Debtor under the Bankruptcy Code and the need for the Debtor to continue to receive, for the benefit of the estate, the Utility Services upon which the business and operations depend. The Debtor does not believe that the Utility Companies will be prejudiced by the proposed Adequate Assurance Deposit, the uninterrupted continuation of the Utility Services, and the approval of the Additional Adequate Assurance Procedures.

## APPLICABLE AUTHORITY

22. Bankruptcy Code section 366(a) provides:

**MOTION FOR ADEQUATE PROTECTION - UTILITIES**

8

Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(a) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

(c)(l)(A) For purposes of this subsection, the term "assurance of payment" means

(i)  a cash deposit;
(ii)  a letter of credit;
(iii)  a certificate of deposit;
(iv)  a surety bond;
(v)  a prepayment of utility consumption; or
(vi)  another form of security that is mutually agreed on between the utjlity and the debtor or the trustee.

11 U.S.C. § 366(a).

23. The Bankruptcy Court has "the exclusive responsibility for determining the appropriate security which a debtor must provide to his utilities to preclude termination of service for non-payment of pre-petition utility bills." *In re Tarrant,* 190 B.R. 704, 708 (Bankr. S.D.Ga. 1995) (quoting *Begley v. Philadelphia Electric Co. (In re Begley)*, 41 B.R. 402, 406 (E.D.Pa.1984), *aff'd* 760 F.2d 46 (3rd Cir.1985)). The statute requires that the debtor provide a utility with "adequate assurance of payment," not an "absolute guarantee of payment." 11 U.S.C. § 366; *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996). Bankruptcy courts are given reasonable discretion to determine what constitutes adequate assurance of payment. *Caldor*, 199 B.R. at 3; *Utica Floor,* 25 B.R. at 1013.

24. To the extent that any aspect of the relief sought herein constitutes a use of property under Bankruptcy Code section 363(b), the Debtor seeks a waiver of the fourteen-day (14) stay under Bankruptcy Rule 6004(h). As described above, the relief that the Debtor seeks in this Motion is immediately necessary in order for the Debtor to be able to preserve the value of the estate. The Debtor respectfully requests that the Court waive the ten-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) granting the relief requested herein and (ii) granting such other and further relief as is just and proper.

Respectfully submitted January 20, 2016.

THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
66 Granburg Circle
San Antonio, Texas 78218
Telephone (210) 601-9405
Email: rbattaglialaw@outlook.com

By: */s/ Raymond W. Battaglia*
Raymond W. Battaglia
Texas Bar No. 01918055

ATTORNEYS FOR FPMC AUSTIN REALTY PARTNERS, LP

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list.

/s/ Raymond W. Battaglia
Raymond W. Battaglia

MOTION FOR ADEQUATE PROTECTION - UTILITIES

# EXHIBIT A

| City of Austin Utilities (WATER) | Cirro Energy (Electricity) |
|---|---|
| P.O. Box 2267<br>Austin, TX 78783-2267 | PO Box 2229<br>Houston, TX 77252 |
| **Clean Scapes LP** | **Andeler Corporation** |
| P.O. Box 203070<br>Austin, TX 78720-3070 | PO BOX 204365<br>Dallas, TX 75320 |
| **AT&T** | **Commercial Protective Services, Inc.** |
| PO BOX 5093<br>Carol Stream, IL 60197 | 436 West Walnut St.<br>Gardena, CA 90248 |