IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 16-10020-TMD |
| FPMC AUSTIN REALTY | § | |
| PARTNERS, LP, | § | CHAPTER 11 PROCEEDING |
| | § | |
| DEBTOR | § | |

**MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR CASE PROFESSIONALS**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES the debtor and debtor in possession in the above-captioned case (the "Debtor") hereby moves for entry of an order establishing procedures for interim compensation and reimbursement of expenses for Chapter 11 case professionals (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On January 4, 2016 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

3. The Debtor continues to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no creditor's committee has been appointed in this Chapter 11 Case by the Office of the United

**FEE PROCEDURES MOTION**

States Trustee for the Western District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

4. The Debtor's primary asset is a medical campus property commonly known as the Forrest Park Medical Center Hospital and Medical Office Building located 8.5 acres on the south side of SH 45 North between MoPac and I-35 in Round Rock, Texas (the "Property"). Forrest Park Medical Center consists of a short-term acute care hospital ("Hospital") and medical office building ("MOB") together with a 445 stall adjacent parking garage. The Hospital is a 4-story, 146,000 square foot facility containing 10 operating rooms, 6 ICU rooms, and 40 patient rooms, many including family suites. The MOB contains 80,000 square feet of rentable area. The Hospital is leased to a single tenant that does has yet to commence operations. The Hospital and MOB share use of the parking garage.

5. While one of the 3 buildings located on the Property was designed and built for the specific use as an acute care hospital, the Debtor does not operate the health care business conducted on site. Construction of the Hospital, MOB and garage are complete with only minor additional completion and punch list items remaining. Certificates of occupancy have issued for the Hospital and MOB. However, as of the Petition Date, the Hospital is leased, but the MOB remains vacant.

## RELIEF REQUESTED

6. Section 331 of the Bankruptcy Code allows professionals retained in a bankruptcy case to submit applications for interim compensation and expense reimbursement as often as the bankruptcy court permits. The Debtor has separately requested that this Court to approve the Debtor's retention and employment of various professionals in the Chapter 11 case, and, if appointed, a creditors' or other official committee is also likely to seek to retain and employ its

**FEE PROCEDURES MOTION**

own professionals (collectively, the "Professionals"). Accordingly, the Debtor requests that this Court issue an order, pursuant to Sections 105(a) and 331 of the Bankruptcy Code, establishing procedures for monthly compensation and reimbursement of expenses for the Professionals.

7. Specifically, the Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

(a) On or before the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation will serve a monthly statement (the "Monthly Statement") by e-mail on (i) the Debtor; (ii) Debtor's counsel; (iii) the Office of the United States Trustee for the Western District of Texas (the "U.S. Trustee"); (iv) Frost Bank and its counsel; and (v) counsel to any official Committee (collectively, the "Notice Parties");

(b) The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Motion is not intended to alter the fee application requirements outlined in Sections 330 and 331 of the Bankruptcy Code and since Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

(c) Each Monthly Statement must contain a list of the individuals and their respective titles (*e.g.,* attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour, unless deviations from such timekeeping requirements have been approved in connection with the retention of such professional;

(d) Each person receiving a Monthly Statement will have at least 15 days after its receipt to review such statement and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the 15th day following receipt of such Monthly Statement, serve upon the Professional whose statement is objected to, and the other Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the 15-day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d);

(f) If the Debtor receives an objection to a particular monthly fee statement, it shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and expenses in the percentages set forth in paragraph (e);

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose statement was objected to serves on all of the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court, as described in paragraph (j) below;

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days, on or before the 30th day following the three- month period for which compensation is sought, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to Sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

(k) Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Motion when due (i) shall be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (ii) may be required to disgorge any fees paid since such Professional's retention or the filing of such Professional's last fee application, whichever is later;

(l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals; and

**FEE PROCEDURES MOTION**

(n) Counsel for the Committee, in accordance with the foregoing procedure for monthly compensation and reimbursement of Professionals, may collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents.

11. The Debtor further requests that the Court provide that full copies of interim and final fee applications (collectively, the "Applications") are to be served upon the Notice Parties and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in this Chapter 11 case shall be entitled to receive only notice of hearings on the Applications (the "Hearing Notice"), with a right to receive copies of the Applications upon request. Because the Applications are anticipated to be voluminous, the Debtor submits that serving the Applications and the Hearing Notices in this manner will permit the parties most active in this Chapter 11 case to review and object to the Professionals' fees efficiently and will save unnecessary duplications and mailing expenses.

12. The Debtor believes that the proposed Compensation Procedures will enable the Debtor and other core parties in interest to closely monitor costs of administration, maintain cash flow availability, and implement efficient cash management procedures. Moreover, these procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by Professionals.

13. The Debtor submits that the efficient administration of these Chapter 11 cases will be significantly aided by establishing the foregoing interim compensation and expense reimbursement procedures.

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested by this Motion and such further relief as may be just and necessary under the circumstances.

Respectfully submitted January 20, 2016.

          THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
          66 Granburg Circle
          San Antonio, Texas 78218
          Telephone (210) 601-9405
          Email: rbattaglialaw@outlook.com

          By:*/s/RaymondW. Battaglia*
          Raymond W. Battaglia
          Texas Bar No. 01918055

          ATTORNEYS FOR FPMC AUSTIN REALTY PARTNERS, LP

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list

          */s/ Raymond W. Battaglia*
          Raymond W. Battaglia

**FEE PROCEDURES MOTION**