

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 09, 2016.**

_____
**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **BANKRUPTCY NO. 16-10020-TMD** |
| **FPMC AUSTIN REALTY** | § | |
| **PARTNERS, LP,** | § | **CHAPTER 11 PROCEEDING** |
| | § | |
| **DEBTOR** | § | |

**INTERIM ORDER (i) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING ON A SENIOR SECURED SUPERPRIORITY BASIS PURSUANT TO 11 U.S.C. §§105, 361, 362, 363, AND 364; (ii) SETTING A FINAL HEARING; AND (iii) GRANTING RELATED RELIEF**

Upon the motion (the "*Motion*") [1], dated January 29, 2016, of FPMC Austin Realty

Partners, LP, ( "*Debtor*" or "*Debtor-in-Possession*"), as debtor and debtor in possession, in the

---

[1] All capitalized terms and/or phrases set forth herein and not otherwise specifically described and defined herein shall bear the meanings and definitions ascribed thereto in the DIP Documents.

INTERIM DIP FINANCING ORDER

**1**

above-captioned case (the "Chapter 11 Case") pursuant to §§105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Texas (the "*Local Bankruptcy Rules*"), seeking, among other things, entry of an interim order (the "*Interim Order*") and a final order (the "*Final Order*") Authorizing the Debtor to obtain post-petition financing (the "*Financing*").  The Court having considered the Motion, having examined the exhibits attached thereto, and having completed the Interim Hearing as provided for under §364 of the Bankruptcy Code, Bankruptcy Rule 4001(c), and applicable Local Bankruptcy Rules, the Court finds and determines the following:

A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are sections 105(a), 361, 362, 364, and 507 of the Bankruptcy Code, and the procedural grounds are Rules 2002, 4001, and 9014 of the Bankruptcy Rules.

B.    Notice of the Interim Hearing was given to (i) the Office of the United States Trustee for the Western District of Texas, (ii) counsel for the DIP Lender, (iii) and to all creditors identified on the creditor matrix. Based on the record made by the Debtor, the Court finds that appropriate notice of the Interim Hearing has been given. In light of the short notice that has been provided to date, the court proposed a more limited funding, subject to more limited conditions, and the DIP Lender and the Debtor agreed; this order reflects those agreed terms.

C.    The legal and factual bases set forth on the record at the Interim Hearing establish just and sufficient cause to grant the relief granted herein. The relief granted herein is in the best interests of the Debtor, its estate, creditors, and all parties in interest.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is granted only to the extent stated herein.

INTERIM DIP FINANCING ORDER

2.      The Debtor is immediately authorized and empowered to borrow up to the aggregate amount of $110,000 (the "Initial Advance"); provided however, that the Debtor shall use the proceeds of the Initial Advance solely as permitted under the DIP Documents and in accordance with the Budget. The Debtor shall provide to the United States Trustee and counsel to the DIP Lender a schedule setting forth the names and amounts paid to each such person. Any other use of the Initial Advance, except as permitted herein, is and shall be strictly prohibited.

3.      Pursuant to section 364(d)(1) of the Bankruptcy Code, as security for the repayment of the Initial Advance, the DIP Lender is hereby granted a valid, binding, enforceable and perfected first priority lien (the "Interim DIP Lien") up to the amount of the Initial Advance upon (a) all of Debtor's real property and improvements thereon, present and future Accounts, Chattel Paper, Commercial Tort Claims, Deposit Accounts, Documents, Equipment, General Intangibles, Instruments, Inventory, Investment Property, Letter-of-Credit Rights and Supporting Obligations; and (b) Proceeds and products of any of the foregoing, but excluding any claims that Debtor may have under Chapter 5 of the Bankruptcy Code. (as all such terms are defined in the UCC) (the "Collateral"); provided, however, the DIP Lender shall be entitled to the same liens, priorities and other rights for the Initial Advance as any other amounts advanced under the DIP Financing pursuant to further order of the Court.

4.      The Interim DIP Lien is pari passu to the Pre-Petition Lenders' Lien (as defined in the Motion), and inferior only to the Permitted Encumbrances.

5.      This First Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Interim DIP Lien on and its security interests in the Collateral up to the amount of the Initial Advance, without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law of any

INTERIM DIP FINANCING ORDER

jurisdiction or the taking of any other action to validate or perfect the Interim DIP Lien on and its security interests in the Collateral. The DIP Lender shall not be required to file any financing statements, mortgages, notices of lien or similar instruments in any jurisdiction or filing office, or to take any other action in order to perfect the liens and security interests granted by or pursuant to this First Interim Order. The DIP Lender may, in its discretion, file a copy of this First Interim Order as and with a financing statement with any recording officer designated  to file financing statements, mortgages, deeds of trust, leasehold mortgages, notices of lien or similar instruments in any jurisdiction (including trademark, copyright, trade name or patent assignment filings with the United States Patent and Trademark Office, Copyright Office or any similar agency with respect to intellectual property), in such event, the applicable filing or recording officer or registrar is authorized and directed to accept, file and record such copy of this First Interim Order and financing statement.

6.     The automatic stay imposed under section 362(a) of the Bankruptcy Code shall be and is hereby modified to the extent necessary to grant the liens and security interests in favor of the DIP Lender on the Collateral as provided in this First Interim Order.

7.     If any provision of this First Interim Order is hereafter modified, vacated,  reversed or stayed by subsequent order of this or any other court for any reason, such modification, vacation, reversal or stay shall not affect the validity and priority of the Interim DIP Lien granted under this First Interim Order.

8.     Nothing in this Interim Order shall be construed to adversely affect or alter or grant any lien or claim against certain equipment, as more specifically identified in the UCC Financing Statement filed with the Texas Secretary of State on October 31, 2014 in favor of STERIS

Corporation for equipment purchased from STERIS Corporation by Debtor's tenant Forest Park Medical Center at Austin, LLC.

9.     Notwithstanding Rules 6004(h) of the Bankruptcy Rules, this First Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this First Interim Order.

###

SUBMITTED BY:

RAYMOND W. BATTAGLIA
Texas State Bar 01918055
THE LAW OFFICES OF RAY BATTAGLIA, PLLC
66 Granburg Circle
San Antonio, Texas 78218
T: (210) 601-9405
RBattaglialaw@outlook.com


ATTORNEYS FOR FPMC AUSTIN
REALTY PARTNERS, LP

INTERIM DIP FINANCING ORDER