UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 16-10020-TMD |
| FPMC AUSTIN REALTY PARTNERS, LP, | § | |
|     Debtor. | § | Chapter 11 Case |

### STERIS CORPORATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY

STERIS Corporation ("**STERIS**") moves for relief from the automatic stay ("**Motion**") and shows:

#### Summary of Motion

1. STERIS sold equipment ("**Equipment**") to a non-bankruptcy debtor named Forest Park Medical Center at Austin LLC ("**Tenant**"). The Tenant was a tenant under a lease with the FPMC Austin Realty Partners, LP ("**Debtor/Landlord**"). The Equipment is inside the Debtor/Landlord's building. STERIS is owed $1,262,138.61 and has a lien on the Equipment.

2. STERIS seeks to recover the Equipment, which is not property of the bankruptcy estate. Some of the Equipment was attached to the building, but STERIS can remove it without damage to the building (and if damage is caused for some reason, STERIS would repair or reimburse for the damage).

3. Out of an abundance of caution, STERIS requests Court approval prior to proceeding with removal of the Equipment.

#### Background and Argument

4. In 2014 and 2015, Tenant ordered and received the Equipment from STERIS.

5. The Equipment was delivered and invoiced (the "**Invoices**"). Payment terms were net 30 days. A UCC Financing Statement providing notice of STERIS's security interest in the Equipment was filed with the Texas Secretary of State on October 31, 2014.

6. Payment on the Invoices is overdue.

7. Tenant failed to pay the amount due.

8. STERIS sought to exercise its removal rights and remove the Equipment.

9. By agreement on November 2, 2015, Debtor/Landlord agreed to the removal of the Equipment, and STERIS agreed that it would repair or reimburse for damage, if any, caused by the removal.

10. On January 4, 2016 ("Petition Date"), Debtor/Landlord filed a petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

11. The amount owed by Tenant to STERIS as of the Petition Date is $1,262,138.61

12. Frost Bank asserts a secured claim against the Debtor/Landlord that is secured by the Debtor/Landlord's building. Frost Bank has expressed concern to STERIS that removal of the Equipment might damage Frost Bank's collateral.

## Argument and Authorities

13. Bankruptcy Code section 362(d) provides in part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
    (2) with respect to a stay of an act against property under subsection (a) of this section, if—
        (A) the debtor does not have an equity in such property; and
        (B) such property is not necessary to an effective reorganization;
    (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

    (A)    the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

    (B)    the debtor has commenced monthly payments that—

        (i)    may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

        (ii)    are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate;

11 U.S.C. § 362(d)(1) – (4).

14. "Property of the estate" means:

    (a)    The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

        (1)    Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

        (2)    All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

            (A)    under the sole, equal, or joint management and control of the debtor; or

            (B)    liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

        (3)    Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

        (4)    Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

        (5)    Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

            (A)    by bequest, devise, or inheritance;

            (B)    as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

     (C) as a beneficiary of a life insurance policy or of a death benefit plan.
  (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
  (7) Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. § 541(a).

15. Here, the Equipment is property of the Tenant, who is not in bankruptcy. The Equipment is not "property of the estate" of Debtor/Landlord. The building, however, that the Equipment is located in is property of the estate. Because removal of the Equipment requires entry into the building, stay relief is sought out of an abundance of caution.

16. Even if the Equipment were property of the estate, cause would exist for granting relief from the stay for its removal. Debtor/Landlord has no equity in the property, and it is not necessary for reorganization since the real property will sell without the Equipment and also Debtor/Landlord could purchase equipment if needed for any reason as an administrative expense. 11 U.S.C. § 362(d)(2).

17. Debtor/Landlord and its secured lender Frost Bank believe having the Equipment will assist in their efforts in selling the building; however, STERIS is not receiving any compensation for use of its equipment for this purpose and is not required to stage the property for the benefit of Frost Bank.

18. Debtor/Landlord and its secured lender Frost Bank raised concern that removal of the Equipment would damage the building. *First*, the majority of the Equipment is loose and freestanding. There should be no delay in allowing removal of the freestanding Equipment. *Second*, the Equipment that is attached is composed of sinks and sterilization equipment, which is bolted into the wall and tied into plumbing; but, it can be removed just like a dishwasher in a home can be removed. Understandably, leaving an empty space after removal is not visually

appealing, but it is not destructive to the building. Moreover, in the unlikely event of any damage to the building, STERIS has agreed it would promptly repair, at its sole expense, or reimburse Debtor/Landlord for, any physical damage to Debtor/Landlord premises actually caused by the removal of the Equipment by or through STERIS; provided however, that STERIS shall not be liable for any diminution in value of the premises caused by the absence of the Equipment removed.

19. STERIS further requests that the 14-day stay after Order granting this Motion under Fed. R. Bank. P. 4001(a)(3) not apply.

WHEREFORE, STERIS requests that the Court: (i) grant this motion and modify the automatic stay as it relates to the removal of the Equipment; (ii) require Debtor/Landlord to provide access within five days notice by STERIS; (iii) order that the stay under Fed. R. Bank. P. 4001(a)(3) not apply; and (iii) grant such further relief as the Court deems just and proper.

Date: February 17, 2016  Respectfully submitted,

 */s/ Peter C. Ruggero*
Peter C. Ruggero
Texas Bar No. 24044376
RUGGERO LAW FIRM PC
1411 West Avenue, Ste 200
Austin, TX 78701
Telephone: 512.473.8676
Facsimile: 512.852.4407
peter@ruggerolaw.com

COUNSEL FOR STERIS CORPORATION

**Certificate of Conference**

I certify that I communicated with counsel for Debtor and counsel for Frost Bank regarding the relief requested in the motion. No agreement was reached.

>   */s/ Peter C. Ruggero*

**Certificate of Service**

I certify that on February 17, 2016, a copy of the above *STERIS Corporation's Motion for Relief from Automatic Stay* was served on those parties authorized to receive electronic notices through the Court's Electronic Filing System known as CM/ECF and on the parties on the attached Service List by US First Class Mail.

>   */s/ Peter C. Ruggero*
>   Peter C. Ruggero