IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 16-10020-TMD |
| FPMC AUSTIN REALTY | § | |
| PARTNERS, LP, | § | CHAPTER 11 PROCEEDING |
| | § | |
| DEBTOR | § | |

**DEBTOR'S APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 327(e) AND BANKRUPTCY RULE 2014 AUTHORIZING EMPLOYMENT AND RETENTION OF KREAGER MITCHELL, PLLC AS SPECIAL COUNSEL TO THE DEBTOR IN POSSESSION EFFECTIVE AS OF THE APPLICATION DATE**

**TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:**

FPMC Austin Realty Partners, LP ("FPMC" or "Debtor") the debtor and debtor in possession in the above-captioned case hereby applies (the "Application") to the Court for entry of an order, under section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Kreager Mitchell, PLLC (the "Firm") as special counsel for the Debtor effective as of the date of this Application. In support of this Application the Debtor relies upon the *Affidavit of Bruce Mitchell in Support of the Debtor's Application to Employ Kreager Mitchell, PLLC as Special Counsel to the Debtor*, attached hereto as Exhibit "A" (the "Mitchell Declaration"). In further support of this Application, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---
APPLICATION TO EMPLOY KREAGER MITCHELL, PLLC

1

2.      The statutory predicates for the relief requested herein are sections 327 and 328 of the Bankruptcy Code. Such relief is also warranted under Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3.      On January 5, 2016 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4.      The Debtor continues to operate its business and manage its properties as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, no creditor's committee has been appointed in this Chapter 11 Case by the Office of the United States Trustee for the Western District of Texas (the "United States Trustee"). No trustee or examiner has been appointed in the Debtor's Chapter 11 Case.

5.      The Debtor's primary asset is a medical campus property commonly known as the Forrest Park Medical Center Hospital and Medical Office Building located 8.5 acres on the south side of SH 45 North between MoPac and I-35 in Round Rock, Texas (the "Property"). Forrest Park Medical Center consists of a short-term acute care hospital ("Hospital") and medical office building ("MOB") together with a 445 stall adjacent parking garage. The Hospital is a 4-story, 146,000 square foot facility containing 10 operating rooms, 6 ICU rooms, and 40 patient rooms, many including family suites. The MOB contains 80,000 square feet of rentable area. The Hospital is leased to a single tenant that has yet to commence operations. The Hospital and MOB share use of the parking garage.

6.      While one of the 3 buildings located on the Property was designed and built for the specific use as an acute care hospital, the Debtor does not operate the health care business conducted on site. Construction of the Hospital, MOB and garage are complete with only minor

---
APPLICATION TO EMPLOY KREAGER MITCHELL, PLLC

2

additional completion and punch list items remaining. Certificates of occupancy have issued for the Hospital and MOB. However, as of the Petition Date, the Hospital is leased, but the MOB remains vacant.

**RELIEF REQUESTED**

7. By this Application, the Debtor seeks to employ and retain the Firm, effective as of the date of this Application, as the Debtor's special counsel to advise the Debtor in connection with the sale of the Property as more fully described below. The Debtor respectfully requests entry of an order, pursuant to sections 327(e) of the Bankruptcy Code, authorizing the Debtor to employ and retain the Firm as special counsel, effective as of the date of this Application, to perform necessary legal services during this Chapter 11 Case.

**BASIS FOR RELIEF**

8. Section 327(e) of the Bankruptcy Code provides that subject to court approval, a debtor, as a debtor in possession, "may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

9. Under section 329 of the Bankruptcy Code, attorneys representing a debtor must "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).

10. Bankruptcy Code section 328(a), in turn, provides that, subject to court approval,

---
APPLICATION TO EMPLOY KREAGER MITCHELL, PLLC

3

the employment of professional persons under section 327 of the Bankruptcy Code may be "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis" subject to later re-evaluation by the Court. 11 U.S.C. § 328(a).

11. Bankruptcy Rule 2014 requires that an application for retention include "specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. Bankr. P. 2014.

12. The Debtor respectfully submits that it should be authorized to retain and employ the Firm in accordance with the terms and conditions set forth in the Engagement Letter attached hereto as Exhibit B ("Engagement Letter"). As discussed below and in the Fulton Declaration, the Firm does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters for which it is being retained.

13. The Court previously approved the Debtor's employment of the Law Firm of Ray Battaglia, PLLC ("Battaglia Firm") as bankruptcy counsel for the Debtor. The Firm's services are needed post-petition to assist the Battaglia Firm in connection with the sale of the Property, comprised of real property and improvements. The Battaglia Firm lacks the necessary expertise to advise the Debtor on the real estate aspects of the sale of its assets. It is necessary and appropriate for the Debtor to retain special counsel to bring needed expertise in real estate law to this Case, particularly in light of the scale and sophistication of the transaction contemplated.

---
APPLICATION TO EMPLOY KREAGER MITCHELL, PLLC

14. As discussed herein, the Firm has extensive experience and an excellent reputation for providing high-quality legal services in real estate transactions. Accordingly, the Debtor respectfully submits that the Firm is well-qualified to provide its services to the Debtor as special counsel in a cost-effective, efficient, and timely manner. The Battaglia Firm, the Firm and the Debtor are fully aware of the scope of the services each is to perform in connection with this Bankruptcy Case and will take steps to avoid unnecessary duplication of effort.

15. In addition, as also set forth herein, the Firm's proposed fee structure is market-based, fair, and reasonable under the standards set forth in section 328(a) of the Bankruptcy Code. The fee structure appropriately reflects the nature and scope of services to be provided by the Firm, its experience with respect to providing real estate services, and the fee and expense structures typically used by the Firm and other leading firms that bill their clients on an hourly basis.

## THE FIRM'S QUALIFICATIONS

16. The Debtor selected the Firm as its special real estate counsel because of the Firm's recognized expertise in the field of complex real estate transactions and representing debtors and trustees in conducting asset sales under section 363 of the Bankruptcy Code. The Debtor believes that the Firm has the knowledge and experience necessary to deal effectively with the issues that will arise in the sale of the Property in this Chapter 11 Case and that the Firm's representation of the Debtor is critical to the success of the Debtor's reorganization efforts.

## SERVICES TO BE RENDERED

17. The services of Firm are necessary to enable the Debtor to execute faithfully its duties as debtor in possession and to preserve and enhance the value of the Debtor's estate. Subject to further order of this Court, the Firm will render services to the Debtor including, serving as special real estate counsel to the Debtor to advise the Debtor in connection with the sale of the

---
APPLICATION TO EMPLOY KREAGER MITCHELL, PLLC

Property, work with the Debtor on appropriate disclosure materials, negotiate earnest money contract(s) with potential buyer(s), prepare closing documents, and represent the Debtor through the closing of the sale the Property, including addressing any title objections raised by the buyer. The representation may also include assisting the Battaglia Firm in connection with disputes with the tenants of the Property.

18. It is necessary and essential that the Debtor, as debtor in possession, employ attorneys to render the foregoing professional services. The Firm has indicated a willingness to act on behalf of, and render such services to, the Debtor.

## THE FIRM'S DISINTERESTEDNESS

19. To the best of the Debtor's knowledge, and except as otherwise set forth herein and in the Mitchell Declaration, (i) neither the Firm nor any attorney at the Firm holds or represents an interest adverse to the Debtor's estate; (ii) neither the Firm nor any attorney at the Firm is or was a creditor or an insider of the Debtor; (iii) neither the Firm nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor; and (iv) the Firm does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

20. The Firm has informed the Debtor that throughout the Chapter 11 Cases, the Firm will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in these cases and that the Firm will promptly update the Fulton Declaration to disclose any material developments regarding the Debtor or any other pertinent relationships that come to the Firm's attention.

## PROFESSIONAL FEES AND EXPENSES

21. The Firm has provided and will be providing professional services to the Debtor under its standard rate structure. The hourly rates for the attorneys who will be primarily responsible for this engagement are set forth in the Engagement Letter. The Firm has also informed the Debtor that it will bill non-working travel time at half of the otherwise applicable hourly rate. The Firm has advised the Debtor that the hourly rate set forth above is subject to periodic increases in the normal course of the Firm's business. The Firm will provide notice of any rate increases to the Debtor, the United States Trustee, and the Court.

22. Consistent with the Firm's policy with respect to its other clients, the Firm will charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

23. The Firm intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with Bankruptcy Code sections 330 and 331, with the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, and with any other applicable procedures and orders of the Court. The Firm will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current standard hourly rate charged for such services on a non-bankruptcy matter.

24. The Firm has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity,

---
**APPLICATION TO EMPLOY KREAGER MITCHELL, PLLC**

importance and nature of the problems, issues, and tasks addressed in these cases.

25. Other than as set forth above, no arrangement is proposed between the Debtor and the Firm for compensation to be paid in this case. The Firm has not shared or agreed to share any of its compensation from the Debtor with any other entity, except as permitted under section 504(b)(1) of the Bankruptcy Code.

26. The Debtor submits that the employment and retention of the Firm, as of the date of this Application and on the terms and conditions set forth herein, is in the best interest of the Debtor, its' estate, creditors, stakeholders and other parties in interest, and therefore, should be approved.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the employment and retention of Kreager Mitchell, PLLC as special counsel, effective as of the date of this Application, on the terms described above and granting such other and further relief as may be just and proper.

Respectfully submitted this April 8, 2016.

> THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
> 66 Granburg Circle
> San Antonio, Texas 78218
> Telephone (210) 601-9405
> Email: rbattaglialaw@outlook.com
>
> By: /s/ Raymond W. Battaglia
> Raymond W. Battaglia
> Texas Bar No. 01918055
>
> **ATTORNEYS FOR FPMC AUSTIN REALTY PARTNERS, LP.**

---

APPLICATION TO EMPLOY KREAGER MITCHELL, PLLC

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, as set forth below. I further certify that it has been transmitted by first class mail to the parties on the attached service list

                                                                      */s/ Raymond W. Battaglia*
                                                                      Raymond W. Battaglia

---

APPLICATION TO EMPLOY KREAGER MITCHELL, PLLC