IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 16-10020-TMD |
| **FPMC AUSTIN REALTY** | § | |
| **PARTNERS, LP,** | § | CHAPTER 11 PROCEEDING |
| | § | |
| DEBTOR | § | |

**ORDER (A) APPROVING SALE PROCEDURES RELATING TO SALE OF THE DEBTOR'S PROPERTY AND OTHER ASSETS; (B) SCHEDULING A HEARING TO CONSIDER THE SALE; AND (C) GRANTING RELATED RELIEF**

This matter came to be heard by this Court on the Motion of the above-captioned debtor and debtor-in-possession (the "**Debtor**")[1], requesting entry of: (i) an order (a) approving sale procedures with respect to the proposed sale of the Debtor's assets (the "**Property**"); (b) establishing the date, time and place for a sale hearing (the "**Sale Hearing**"); (c) approving the form of a template purchase

---

[1] Capitalized terms shall have the meaning set forth in the Motion, unless otherwise defined herein.

and sale agreement (the "**PSA**"); (d) granting related relief; and (ii) an order (1) approving the sale free and clear of all liens, claims, encumbrances and interests (the "**Transaction**" or the "**Sale**"); (2) authorizing the assumption, sale and assignment of certain executory contracts and unexpired leases; and (3) granting related relief; and it appearing that notice of the Motion is appropriate under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtor's estates, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore;

## THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.  This court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this district and in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief requested herein are sections 105(a), 363(b) and (f), 365, 503 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**") and Rules 2002(a)(2), 6004(a), (b), (c), (e) and (f), 6006(a) and (c), 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

C.  Notice of the Motion having been given to (i) the Office of the United States Trustee; (ii) counsel for the Lenders; (iii) all parties asserting liens against the Property; (iv) all entities known to have expressed an interest in a transaction with respect to the Property during the past four months; (vi) all entities known to have an Interest in the Property; (vii) all federal, state, and local regulatory or taxing authorities or recording offices which have a known interest in the relief requested by the Motion; (viii) all non-Debtor parties to contracts designated as Assumed Contracts; (ix) the all creditors identified on the Debtor's Master Mailing Matrix; and (x) all other entities that have filed requests for notices pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**"). Such notice is sufficient in light of the circumstances and the nature of the relief requested herein.

D. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including, without limitation: (i) scheduling a Sale Hearing; and (iii) approving the form of the PSA.

E. The Sale Procedures and are reasonable and appropriate.

J. The entry of this Order is in the best interests of the Debtor, its' estate, creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court approves the following sale procedures for the sale of the Debtor's Property:

    a. **Property to be Sold Free and Clear** Except as otherwise provided in definitive documentation with respect to the Sale, all of the rights, title, and interest of the Debtor in the Property shall offered for sale free and clear of all pledges, liens, security interests, hypothecations encumbrances, claims, charges, options, deeds of trust, encroachments, retentions of title, conditioned sale arrangements, rights of first offer, rights of first refusal, licenses or any other limitations, restrictions and interests of any kind thereon and there against (collectively, the "**Claims and Interests**").

    b. **Qualification of Buyers** To participate in the sale process and to have an offer considered by the Debtor, each prospective purchaser must deliver a written offer satisfying the criteria below. A "**Qualified Buyer**" is a financially qualified prospective buyer that delivers a binding purchase and sale agreement that in the discretion of the Debtor (after consultation with the Debtor's pre-petition lenders and DIP lender) satisfies the following criteria (a "**Qualified Offer**") and timely submits a deposit as provided below:

        i. The Brokers shall advise each prospective purchaser that has expressed interest in purchasing the Property of a request to submit a "Best and Final" Qualifying Offer before **APRIL        , 2016 at 4:00 p.m. (prevailing Central Time)** (the "Offer Deadline")

        ii. Deposit Amount and Deadline In order to be a Qualifed Buyer, a prospective purchaser must deposit the sum of Ten Million Dollars ($10,000,000.00) by certified check or official bank check, subject to collection, made payable to Allegiance Title Company, 8111 Preston Road Suite 300, Dallas, Texas 75225, Attention: Traci Miller, Phone: 214 635 3700, Email: Tmiller@allegiancetitle.com, solely in the capacity as escrow agent ("**Escrow Agent**"), or by wire transfer of immediately available federal funds to an account at such bank as designated by Escrow Agent (the "**Deposit**"). The Deposit shall be held by the Escrow Agent in escrow to be applied or disposed of by it as is provided in the Sale Procedures Order. The Deposit must be

received no later than **APRIL       , 2016 at 4:00 p.m. (prevailing Central Time)**. The Escrow Agent shall promptly refund deposits held by any Qualified Bidder whose offer is not accepted.

iii. <u>Offer Submission</u>  Each Qualified Offer to purchase the Property must be delivered in written and electronic form (where available) so as to actually be received no later than the Offer Deadline to:

Counsel to the Debtor:
Law Offices of Ray Battaglia, PLLC
Attn: Ray Battaglia
66 Granburg Circle
San Antonio, Texas 78218
Email:rbattaglialaw@outlook.com

And

Debtor's Broker:
CBRE, Inc.
Attn: Scott Herbold, First Vice President
200 Concord Plaza, Suite 800
San Antonio, TX 78216
Tel. No. (210) 507-1120
Email:  Scott.Herbold@cbre.com

iv. <u>Purchase and Sale Agreement</u> The purchase and sale agreement (the "**PSA**") attached to this order as Exhibit A is to be provided by the Debtor to each prospective purchaser as the form for submission of Qualified Offers.  Each offer to purchase the Property must include (i) a written and signed irrevocable and binding purchase and sale agreement containing substantially the same terms and conditions as the PSA  (as submitted the "**Modified PSA**") along with a blacklined copy of the Modified PSA showing any revisions to the PSA.  The Debtor, in consultation with the Lenders, shall determine whether any Modified PSA that modifies the PSA in any material respect is a Qualified Offer.

v. A Modified PSA shall:

1. Provide for a purchase price in an amount in excess of One Hundred Million Dollars ($100,000,000);

2. Not contain any contingencies for the Qualified Buyer's ability to obtain financing and shall be for all cash payable in full upon closing;

3. Provide for an inspection period of not more than 21 days from the date of entry on the Court's docket of the Sale Order (the "Inspection Period");

4. Not contain any condition to closing on the receipt of any third party approval or any organizational approvals to make its competing bid and to enter into and perform the Modified PSA (excluding approvals required by the Bankruptcy Court or any governmental or regulatory agency);

5. Provide that the Qualified Offer is irrevocable;

6. Acknowledge that the Qualified Buyer has: (x) had the opportunity to conduct its own due diligence and independent review of the Property and associated assets and financial information; and (y) relied solely upon its own due diligence, and not any oral or written statements of the Debtor, its professionals, or any other third party;

7. If applicable, identify with particularity each and every proposed assumed contract and lease;

8. Provide that Two Million Dollars ($2,000,000.00) of the Deposit shall be non-refundable upon the Sale Order approving the sale of the Property to the Purchaser (defined hereinbelow) becoming a Final Order and further provide that the balance of the Deposit shall be non-refundable upon expiration of the Inspection Period. The Purchaser shall forfeit the non-refundable portion of the Deposit if the Purchaser (x) withdraws the bid before the consummation of the sale contemplated by the Modified PSA, or (y) breaches the Modified PSA. The Deposit shall be returned to the Purchaser (unless such Purchaser has forfeited its Deposit) in the event the Debtor defaults in its obligations under the Modified PSA. The Deposit will not be required to be maintained in an interest bearing account, but any interest earned on any Deposit will be remitted/applied as provided for in the Modified PSA.

9. Provide for a closing date seven (7) days after the later to occur of the Sale Order becoming a Final Order; or the expiration of the Inspection Period (the "**Closing Date**").

c. **Auction Process** – If the Debtor receives more than one Qualified Offer, the Debtor will conduct a live public outcry auction (the "**Auction**") on **April _____, 2016 at _____ o'clock a.m. (prevailing central time)**. The Auction will be held in Courtroom 1 at the United States Bankruptcy Court, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Austin, TX, before the Honorable Tony Davis, United States Bankruptcy Judge.

d. **Notice of Auction** – The Debtor shall provide a copy of the Sale Order to all Notice Parties within 48 hours of the entry of the Sale Procedure Order.

e. **Participation** - Only Qualified Buyers shall be entitled to participate in the Auction, and each Qualified Buyer shall appear in person at the Auction, or

through a duly authorized representative. At least one (1) day prior to the commencement of the Auction, each Qualified Buyer must confirm in writing that it will participate in this Auction; provided, however that in the event a Qualified Buyer does not attend the Auction, the relevant Qualified Offer shall nonetheless remain fully enforceable against that Qualified Buyer in accordance herewith.

f. **Anti-Collusion** - At the commencement of the Auction, each Qualified Buyer shall be required to confirm that it has not engaged and will not engage in any collusion with any other Qualified Buyer with respect to the bidding or the Sale.

g. **Conduct of Auction** - The Auction will be conducted openly with the proceeding being transcribed and each Qualified Buyer being informed of the terms of the previous bid.

h. **Bidding** - The Auction will commence with the highest Qualified Offer and continue in increments of not less than $500,000 until each Qualified Buyer makes its final offer. Any bid submitted after the conclusion of the Auction shall not be considered for any purpose. At the conclusion of the bidding, the Court will announce its determination as to the person or entity (the "**Successful Bidder**") submitting the highest or best bid for the Property (the "**Successful Bid**"). In making that determination, the Court will consider, among other things, the total consideration to be received by the Debtor's estate after taking into account the payment of any fees, commissions or deductions to the purchase price provided for in the Modified PSA, if applicable.

i. **Court Approval** - The Debtor will be deemed to have accepted the Successful Bid only when the Court has approved such Bid at the Sale Hearing. Upon failure to consummate the Sale because of a breach or failure on the part of the Successful Bidder, the Debtor may select, in its business judgment, the next highest or otherwise best auction bid from a Qualified Buyer to be the Successful Bid without further order of the Court. By making a Bid, a Qualified Buyer shall be deemed to have agreed to keep its offer open until the consummation of the Sale.

2. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Sale Procedures as approved by this Court.

3. All prospective purchasers submitting a Qualified Offer are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the sale and the terms and conditions of the transfer of the Property.

4. Objections to (i) approval of the Sale, including the sale of the Acquired Assets free and clear of liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code; (ii) the proposed assumption and assignment of agreements to Purchaser shall be the

commencement of the Sale Hearing.

5. Within one business day of this order, the Debtor shall serve by first class mail, postage prepaid, copies of this order upon the Notice Parties.

6. The Debtors shall sell the Property to the Purchaser upon approval of the Successful Offer by the Bankruptcy Court after the Sale Hearing. The Debtor's acceptance of the Successful Offer is conditioned in its entirety upon approval by the Court at the Sale Hearing,

7. The Court shall conduct the **Sale Hearing** commencing on **APRIL \_\_\_, 2016 at _____ \_\_.m.** prevailing central time, or at such later time scheduled by the Bankruptcy Court, at which time, the Bankruptcy Court will consider approval of the Sale to the Purchaser.

8. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

11. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

###

SUBMITTED FOR ENTRY BY:

LAW OFFICES OF RAY BATTAGLIA, PLLC
Raymond W. Battaglia
66 Granburg Circle
San Antonio, Texas 78218
Email: rbattaglialaw@outlook.com
Telephone: 210 601-9405