

IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: May 16, 2016

_____
TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | BANKRUPTCY NO. 16-10020-TMD |
| FPMC AUSTIN REALTY | § | |
| PARTNERS, LP, | § | CHAPTER 11 PROCEEDING |
| | § | |
| DEBTOR | § | |

## ORDER GRANTING FROST BANK'S SECOND AMENDED MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO PAY FROST AT SALE CLOSING

Upon the second amended motion (the "*Second Amended Motion*") [1], dated May 13. 2016, of Frost Bank, ("*Frost*)" as a Lender and Administrative Agent for Amarillo National

---

[1] All capitalized terms and/or phrases set forth herein and not otherwise specifically described and defined herein shall bear the meanings and definitions ascribed thereto in the Motion.

ORDER GRANTING SECOND AMENDED MOTION TO PAY FROST AT CLOSING

Bank and Whitney Bank, in the above-captioned case (the "Chapter 11 Case") pursuant to §§105, 363, and 506 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Texas (the "*Local Bankruptcy Rules*"), seeking, among other things, entry of an order (the "*Order*") Authorizing the Debtor to pay Frost, on behalf of itself as a lender and as Administrative Agent for Amarillo National Bank and Whitney Bank, all principal, interest, fees, and expenses due against the Pre-Petition Loan and the DIP Financing. The Court having considered the Motion, the lack of objections thereto and applicable Local Bankruptcy Rules, the Court finds and determines the following:

      A.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are sections 105, 363 and 506 of the Bankruptcy Code, and the procedural grounds are Rules 2002 and 6004 of the Bankruptcy Rules.

      B.    Sufficient notice of the Motion was given and the Court finds no additional notice is required. The Court has granted expedited consideration of the Motion.

      C.    The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief granted herein. The Court finds the amount of attorney fees and expenses incurred by Frost both pre- and post-petition are reasonable and necessary given the complexities of the case. The relief granted herein is in the best interests of the Debtor, its estate, creditors, and all parties in interest.

      D.    The Court is advised that the sale of the of the Debtor's primary assets is expected to close on May 17, 2016 or May 18, 2016 with closing being coordinated between First American Title Insurance Company ("Title Company") and its escrow and disbursement agent, Allegiance Title Company ("Escrow and Disbursement Agent").

E. Frost Bank has two loans that will be paid off at closing, the Pre-Petition Loan and the DIP Loan, as described in the Motion.

F. Through May 13, 2016, for the Prepetition Loan, the total amount due is $58,953,707.51. The interest rate on this loan fluctuates daily and is tied to LIBOR. Interest is projected to accrue at approximately $6,602.34 per day. Accordingly, for a payoff on the closing date the exact payoff will be finalized with the Title Company and Escrow and Disbursement Agent but is estimated to be $58,986,719.21 if closing is on May 18, 2016.

G. Through May 13, 2016, for the DIP Loan, the total amount due is $1,244,886.47. The interest rate on this loan is fixed at 10%. Interest is projected to accrue at approximately $328.03 per day. Accordingly, for a payoff on the closing date the exact payoff will be finalized with the Title Company and Escrow and Disbursement Agent and is estimated to be $1,246,526.62 if closing is on May 18, 2016.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Second Amended Motion is granted.

2. The Debtor and its Title Company and Escrow and Disbursement Agent are immediately authorized and empowered to pay all amounts due and owing to Frost as a lender and as Administrative Agent for Amarillo National Bank and Whitney Bank at the Property sale closing, including all pre-petition and post-petition principal, interest, fees and expenses due under the Pre-Petition Loan and the DIP Loan, including all attorney's fees and expenses in the amounts set forth above, subject only to the final adjustments for additional interest from May 13, 2016 to the closing date to be specified in Frost's payoff letters to be provided to the Debtor and its Title Company and Escrow and Disbursement Agent.

3. Notwithstanding Rule 6004(h) of the Bankruptcy Rules, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

###

**ORDER GRANTING SECOND AMENDED MOTION TO PAY FROST AT CLOSING**

SUBMITTED BY:

Linda S. LaRue
Texas State Bar 24046269
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan St. Suite 1800
T: (214)871-2100
llarue@qslwm.com


ATTORNEYS FOR FROST BANK

4821-9807-6721, v. 2