# EXHIBIT 2

No. DC-17-12500

| | | |
|---|---|---|
| WEST SUMMIT INVESTMENTS, LP, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § § | |
| NEAL RICHARDS GROUP, LLC, | § § | |
| Defendant, | § § § | |
| NEAL RICHARDS GROUP, LLC by and through its Attorney in Fact, Howard Mark Spector, | § § § § | |
| Cross-Plaintiff, | § § | DALLAS COUNTY, TEXAS |
| v. | § § | |
| NEAL RICHARDS GROUP FORT WORTH DEVELOPMENT, LLC; NEAL RICHARDS GROUP FOREST PARK DEVELOPMENT, LLC; NEAL RICHARDS GROUP AUSTIN DEVELOPMENT, LLC; NEAL RICHARDS GROUP SAN ANTONIO, LLC; NEAL RICHARDS GROUP FRISCO DEVELOPMENT, LLC; and NEAL RICHARDS GROUP SOUTHLAKE DEVELOPMENT, LLC, | § § § § § § § § § § § § | |
| Cross-Defendants. | § | 68th JUDICIAL DISTRICT |

**AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Based on the request of Neal Richards Group Forest Park Development, LLC ("NRG Dallas"); Neal Richards Group Austin Development, LLC ("NRG Austin"); glendonTodd Capital, LLC ("glendonTodd" or "GTC"); and Todd Furniss ("Furniss"), the Court makes the following findings of fact and conclusions of law:

I. **NRG Austin's Claims Against glendonTodd and Furniss.**

A. **Texas Real Estate Licensing Act and Related Conspiracy.**

1. Neither glendonTodd Capital, LLC ("glendonTodd" or "GTC") nor Todd Furniss, with the expectation of receiving valuable consideration, directly or indirectly performed or offered, attempted, or agreed to perform for another person any of the acts described by section 1101.002(1) of the Texas Occupations Code.

2. Neither glendonTodd nor Mr. Furniss received a commission or other consideration as a result of acting as a broker or sales agent without holding a license or certificate of registration under chapter 1101 of the Texas Occupations Code.

3. This is not an action to collect compensation for an act as a broker or sales agent that was performed in this state.

4. Neither glendonTodd nor Mr. Furniss is liable to any party under the provisions of the Texas Real Estate Licensing Act.

5. Neither glendonTodd nor Mr. Furniss conspired to pay an illegal real estate commission to glendonTodd.

B. **Breach of Fiduciary Duty.**

6. NRG Austin has proven by a preponderance of the evidence that (a) Todd Furniss owed a fiduciary duty to NRG Austin; and (b) Todd Furniss breached his fiduciary duty by transferring and diverting $1,150,000 that belonged to NRG Austin to Furniss' related company, glendonTodd.

7. The Court finds that Furniss did not breach his fiduciary duty when he caused the September 12, 2016 and the February 27, 2017 transfers (totaling $2,875,000.21) because the Court has found the June 2016 Consents, NRGA Ex. 1 and NRGA Ex. 2 (the "Consents), are

contractual obligations of NRG Austin and that NRG Austin was legally obligated to pay $2,875,000 to glendonTodd pursuant to the Consents.

8. Furniss has failed to prove by a preponderance of the evidence that (a) the March 13, 2017 transfer was fair and equitable to NRG Austin; (b) Furniss made reasonable use of the confidence that NRG Austin placed in him; (c) Furniss acted in the utmost good faith and exercised the most scrupulous honesty toward NRG Austin; (d) Furniss placed the interests of NRG Austin before his own and did not use the advantage of his position to gain any benefit for himself at the expense of NRG Austin; and (e) Furniss fully and fairly disclosed all important information to NRG Austin concerning the March 13, 2017 transfer.

9. Furniss did breach his fiduciary duty when he caused the March 13, 2017 transfer of NRG Austin's funds to glendonTodd.

10. NRG Austin suffered actual damages as a result of Furniss' breach of fiduciary duty in the amount of $1,150,000.

11. Section 4.6 of the Limited Liability Company Agreement of NRG Austin does not limit or eliminate Furniss' liability for improperly transferring $1,150,000 belonging to NRG Austin to Furniss' related entity, GTC.

12. Furniss' failure to comply with his fiduciary duties was not excused.

C. **Texas Civil Theft Liability Act.**

13. Pursuant to the Parties' Agreement, the Court makes no findings of fact or conclusions of law regarding the Texas Civil Theft Liability Act.

14. Pursuant to the Parties' Agreement, the Parties have waived any right, if any, to recover attorneys' fees or other expenses or costs under the Texas Civil Theft Liability Act.

### D. Texas Uniform Declaratory Judgment Act

15. Furniss and GTC had no legal right to transfer $1,150,000 of NRG Austin's funds to GTC on or about March 13, 2017. The $1,150,000 that Furniss caused to be transferred to GTC on or about March 13, 2017 was owned by NRG Austin.

16. NRG Austin is entitled to recover from Furniss and GTC the $1,150,000 that was transferred to GTC on or about March 13, 2017.

17. The Court further finds that NRG Austin is entitled to recover its court costs and its reasonable and necessary attorneys' fees under Section 37.009 of the Texas Civil Practices and Remedies Code. Pursuant to an agreement between the parties, the parties submitted evidence of attorneys' fees through post-trial affidavits. Based on the evidence submitted to the Court, the Court finds that NRG Austin is entitled to recover $280,428.75 in attorneys' fees pursuant to Section 37.009 of the Texas Civil Practices and Remedies Code.

### E. Percentages of Responsibility.

18. The Court finds that the percentage of responsibility that should be attributed to any designated responsible third party is zero.

19. Based on the evidence submitted to the Court, Furniss and glendonTodd are jointly and severally liable for 100 percent of the damages suffered by NRG Austin for each of the alleged causes of action.

20. The responsibility of Furniss should not be separately apportioned from the responsibility of glendonTodd because Furniss was an employee, agent, and vice-principal of GTC.

## II. GTC's Claims Against NRG Austin and NRG Dallas.

21. The Consents are valid contractual obligations of NRG Dallas and NRG Austin.

22. NRG Austin did not breach the Consents because NRG Austin paid $4,025,000 to glendonTodd, even though the Court finds that NRG Austin only owed $2,875,000 under the Consents.

23. NRG Dallas breached the Consents by failing to pay glendonTodd $1,011,281.

24. The sum of money that would fairly and reasonably compensate glendonTodd for its damages resulting from NRG Dallas' failure to comply is $1,011,281.00.

25. glendonTodd is not entitled to recover attorneys' fees under Chapter 38 against NRG Dallas because NRG Dallas is not a person or corporation.

26. glendonTodd is entitled to recover judgment against NRG Dallas in the principal sum of $1,011,281.00, plus pre- and post-judgment interest at the rate of 5.00 percent per annum.

27. NRG Austin is entitled to recover a declaratory judgment against glendonTodd and Furniss requiring them to pay NRG Austin the principal sum of $1,150,000.00, plus pre- and post-judgment interest at the rate of 5.00 percent per annum.

SIGNED on this ___ day of May, 2019.

Hon. Martin Hoffman, Judge Presiding

APPROVED AS TO FORM ONLY:

Brian Vanderwoude / Paul Hoffman
Attorneys for glendonTodd Capital, LLC and Todd Furniss

Joel Reese / Leslie Chaggaris
Attorneys for Neal Richards Group Austin Development, LLC
and

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW—PAGE 5 OF 6

_/s/ [illegible] for Robert Jenevein w/ permission_
Robert Jenevein
Attorney for Neal Richards Group Forest Park Development, LLC